# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SEAN WATTSON, individually and on behalf of the class defined below, ) ) ) | |
| Plaintiff, ) ) | |
| v.   ) ) | CIVIL ACTION NO.: |
| TOWN OF BROOKSIDE, ALABAMA, ) ) ) | JURY DEMAND |
| Defendant.   ) | |

## CLASS ACTION COMPLAINT

Plaintiff Sean Wattson states the following as to his Complaint against the Town of Brookside, Alabama ("Brookside"):

## I. PARTIES

1.  Sean Wattson is over the age of nineteen (19), and is a resident of Jefferson County, Alabama.

2.  The Town of Brookside, Alabama, is a municipal corporation organized under the laws of the State of Alabama ("the State"), and subject to suit.

## II. JURISDICTION AND VENUE

3.  This Court has jurisdiction over this case under 28 U.S.C. § 1331, Federal Question jurisdiction, because the case is a civil rights lawsuit brought pursuant to 47 U.S.C. § 1983, for violation of the Fourth, Fifth, and Eighth

1

Amendments, and the Due Process clause of the Fourteenth Amendment to the United States Constitution.

## II.  FACTS

1. On or about January 9, 2021, Sean Wattson loaned his car to a friend of his, Amanda Church, to go to the store.

2. When Ms. Church did not return, Mr. Wattson learned that she had been pulled over by the Town of Brookside Police Department.

3. Ms. Church was arrested by the Town of Brookside Police Department, and charged with several drug crimes.

4. Upon the arrest of Ms. Church, the Town of Brookside Police Department confiscated Mr. Wattson's car. To this date, the Town of Brookside has Mr. Wattson's car, a 2014 Honda Civic. It has not even instituted a civil forfeiture action under Ala. Code § 20-2-93.

5. Shortly after Ms. Church's arrest, Mr. Wattson began calling the Town of Brookside Police Department to retrieve his car. He has left numerous messages, but has not ever been given the decency of a phone call back to let him know about his car.

6. Mr. Wattson has never been charged with a crime. He had no knowledge that Ms. Church would have drugs in his car, or that she would commit

any crime with his automobile.  Because he had no knowledge of any intent to commit a crime by Ms. Church, Mr. Wattson could not have prevented any crime.

7. Mr. Wattson has made approximately twenty-five (25) phone calls in an attempt to retrieve his vehicle, and has emailed the Town of Brookside Police Chief to attempt to get his car back.  He has never been called or emailed back.

8. The Town of Brookside, through its Police Department, has simply taken Mr. Wattson's car.

9. The deprivation of Mr. Wattson's car has resulted in hardship because, like most people, he needs his car to work and to go about his life.

10. It has now been almost four (4) months that Mr. Wattson has been deprived of the use of his automobile by the Town of Brookside's actions.

### III.  THE TOWN OF BROOKSIDE'S ACTIONS HAVE DEPRIVED MR. WATSON OF HIS CONSTITUTIONAL RIGHTS

**A.   Failing To Provide An Adequate, Prompt, Post-Deprivation Hearing Violates The Fourth Amendment And The Due Process Clauses Of The Fifth And Fourteenth Amendments.**

11. If a pre-seizure probable cause hearing is not practical, as is the case with the seizure of property incident to an arrest, a prompt post-seizure hearing to establish that Mr. Wattson had some knowledge of or involvement in, the alleged crime, is due.

12. After seizing and retaining property, Brookside has failed to provide Plaintiff with a prompt hearing at which he would be able to challenge, before a neutral arbiter, the basis for the seizure, and/or indefinite retention of his property, particularly without ever being charged with a crime.

13. For all practical purposes, Brookside has effected a temporary restraining order as to the property without meeting the elements required for a temporary restraining order: i.e., a clear pleading showing that irreparable harm will result to the <u>ex parte</u> seizure is not effectuated; a likelihood of success on the merits; and or a deposit of security.

14. The Town of Brookside has seized Mr. Wattson's property without providing any opportunity to contest the retention of the property at a meaningful time.

15. Mr. Wattson has not been provided any means to contest the deprivation of his property. This lack of process violates the Fourth and Fourteenth Amendments to the Constitution.

16. As a direct and proximate result of the actions of Brookside, Plaintiff has suffered irreparable harm to his Constitutional rights under the Fourth and Fourteenth Amendments, including being deprived of his property without notice or an opportunity to be heard.

17. Mr. Wattson has not been provided a prompt hearing to consider the posting of a bond as security for the property, which would be a much less restrictive way to secure Brookside's interest in the property, if any.

### B. Violation of the Eighth Amendment Prohibition Against Excessive Fines.

18. Mr. Wattson has had his property seized and retained without due process.

19. Mr. Wattson has been fined by the Town of Brookside, who holds the vehicle, because his property has been seized. Even if Mr. Wattson is able to get his property back though, he has been deprived of his property in the meantime.

20. Mr. Watson, who has not even been charged with a crime, has been particularly damaged. In such cases, this deprivation of property, even if brief, is by definition excessive under the Eighth Amendment to the Constitution of the United States.

### C. The Confiscation of Mr. Wattson's Vehicle Constitutes An Unlawful Taking Without Compensation.

21. The Fifth Amendment to the United States Constitution states that "private property [shall not] be taken for public use without just compensation." U.S. Const. Amendment V.

22. Mr. Wattson's vehicle was taken. "When the government physically takes possession of [all or part of] an interest in property for some public purpose, it

has a categorical duty to compensate the owner." Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency, 535 U.S. 302, 323 (2002).

23. Mr. Wattson's vehicle has been taken, and he has not been compensated.

## IV.  CLASS ALLEGATION

24. Class Definition:  Pursuant to Fed.R.Civ.P. 23(a), (b)(1), and (b)(2), Plaintiff brings this action on behalf of himself and all others similarly situated, as members of the proposed Plaintiff Class defined as follows:

> All persons who have had property seized by the Town of Brookside, Alabama, and the State of Alabama beginning six (6) years before the filing of this action.

25. Numerosity: The members of each class and subclass are so numerous that their individual joinder would be impracticable in that: (a) the Class includes at least dozens of individual members; (b) the precise number of Class members and their identities are unknown to Plaintiffs, but are available through public records, and can easily be determined through discovery; (c) it would be impractical and a waste of judicial resources for each of the at least hundreds of individual class members to be individually represented in separate actions; and (d) it is not economically feasible for those class members to file individual actions.

26. <u>Commonality/Predominance:</u> Common questions of law and fact predominate over any questions affecting only individual class members. These common legal and factual questions include, but are not limited to, the following:

    a. Whether <u>ex parte</u> seizures of property, without a prompt post-seizure hearing, are violations of the Fourth Amendment and the Due Process Clause, and Fourteenth Amendment to the United States Constitution.

    b. Whether it is a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution for property to be seized without providing a prompt hearing at which time the State and its local law enforcement agents must show some exigency for the seizure of property, some preliminary showing that the property is connected to a crime, and some reason why a less restrictive method of security is not proper.

    c. Whether the confiscation of property, violates the Eighth Amendment prohibition against excessive fines.

    d. Whether the seizures of property by the Town of Brookside is an unconstitutional taking of property without compensation prohibited by the Fifth Amendment.

27. <u>Typicality:</u> Plaintiff is typical of the claims of the class members. Plaintiff and all class members have been injured by the same wrongful practices. Plaintiff's claim arises out of the same practices and course of conduct that give rise to the claims of the class, and are based on the same legal theories for the class.

28. <u>Adequacy</u>: Plaintiff will fully and adequately assert and protect the interests of the class. Plaintiff has counsel experienced in class actions and complex mass tort litigation. Neither Plaintiff nor counsel have interests contrary to or conflicting with the interests of the class or subclasses.

29. <u>Superiority</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims by each of the class members is economically unfeasible and impractical. While the aggregate amount of the damages suffered by the class is large, the individual damage suffered by each, in many cases is too small to warrant the expense of individual lawsuits. The court system would be unreasonably burdened by the number of cases that would be filed it as a class action if not certified.

30. Plaintiff does not anticipate any difficulties in the management of this litigation.

31. The State and its local law enforcement agents have acted on grounds generally noticeable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole proper.

## V. CAUSE OF ACTION

### COUNT I
**(Class Claim Under 42 U.S.C. § 1983 for Violations of Mr. Wattson's Constitutional Rights.)**

32. Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1-31 above.

33. This claim is brought pursuant to 28 U.S.C. § 1983, which gives persons deprived of constitutional rights under color of State law the right to bring a civil action to vindicate those rights.

34. The Town of Brookside has acted under color of State law to deprive Mr. Wattson of his property.

35. As stated above, the actions of the Town of Brookside violate the Fourth, Fifth, Eighth, and Fourteenth Amendments.

WHEREORE, for the foregoing reasons, Plaintiff demands the following relief:

    a. An Order certifying this case as a class action; appointing Mr. Wattson as the class representative; and undersigned counsel as class counsel.

    b. An order of the Court causing the Town of Brookside to return Mr. Wattson's vehicle.

    c. An award of compensatory and punitive damages for the Class and Mr. Wattson for the loss of the use of Mr. Wattson's vehicle.

    d.    An award of attorneys' fees, costs, and expenses of this action pursuant to 42. U.S.C. § 1988(b).

## JURY DEMAND

Plaintiff demands a trial by struck jury.

                                            /s/ Brian M. Clark
                                            Brian M. Clark
                                            Attorney for Plaintiff

**OF COUNSEL**
WIGGINS, CHILDS, PANTAZIS,
FISHER, & GOLDFARB, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0530
Facsimile: (205) 254-1500
Email:  bclark@wigginschilds.com

                                            /s/ Allan Armstrong
                                            Allan Armstrong
                                            Attorney for Plaintiff

**OF COUNSEL**
ARMSTRONG LAW CENTER, LLC
The Berry Building
2820 Columbiana Road
Vestavia Hills, Alabama  35216
Birmingham, Alabama 35203
Email:  armstrong.atty@gmail.com

/s/ Darrell Cartwright
Darrell Cartwright
Attorney for Plaintiff

**OF COUNSEL**
CARTWRIGHT LAW CENTER
Post Office Box 383204
Birmingham, Alabama  35238
Email:  dcartwright@gmail.com

/s/ J. Mark White
J. Mark White
Attorney for Plaintiff

**OF COUNSEL**
WHITE ARNOLD & DOWD P.C.
2025 Third Avenue North, Suite 500
Birmingham, Alabama  35203
(205) 323-1888
Email:  mwhite@whitearnolddowd.com

/s/ H. Eli Lightner II
H. Eli Lightner II
Attorney for Plaintiff

**OF COUNSEL**
WHITE ARNOLD & DOWD P.C.
2025 Third Avenue North, Suite 500
Birmingham, Alabama  35203
(205) 323-1888
Email:  elightner@whitearnolddowd.com

**PLEASE SERVE DEFENDANT AT:**
Town of Brookside, Alabama
2711 Municipal Drive
Brookside, Alabama  35036