UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SEAN WATTSON, individually and on behalf of the class, </br></br> Plaintiff, </br></br> v. </br></br> TOWN OF BROOKSIDE, ALABAMA, </br></br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     Case No.: 2:21-cv-649-AMM |

## ORDER

This case comes before the court on a motion to dismiss by Defendant The Town of Brookside, Alabama ("the Town"). Doc. 6. For the reasons below, the motion is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff Sean Wattson's claims under the Fourth and Fourteenth Amendments are **DISMISSED WITH PREJUDICE**, and his claim under the Eighth Amendment is **DISMISSED WITHOUT PREJUDICE**. The Town's motion to dismiss Mr. Wattson's claim under the Takings Clause of the Fifth Amendment is **DENIED**.

## I. BACKGROUND

In relevant part, viewed in the light most favorable to Mr. Wattson, the Complaint, Doc. 1, alleges as follows:

On January 9, 2021, Mr. Wattson loaned his car to a friend. Doc. 1 at 2 ¶ 1. The friend was apprehended in the car by the Town's police department, arrested, and charged with drug crimes. *Id*. ¶¶ 2-3. Upon the arrest, the Town seized Mr. Wattson's car. *Id*. ¶ 4. Mr. Wattson was not charged with a crime. *Id*. ¶ 6.

Mr. Wattson repeatedly attempted to retrieve his car from the Town, but the Town did not respond to his inquiries. *Id*. ¶ 7. As of May 7, 2021, the date Mr. Wattson filed this action, the Town retained possession of his car. *Id*. ¶¶ 4, 10. The Town has not initiated a forfeiture action related to Mr. Wattson's car; has not provided Mr. Wattson a hearing to contest its retention of his car; and has not compensated Mr. Wattson for the value of the car. *Id*. ¶¶ 4, 14-15, 23.

In his complaint, Mr. Wattson asserts a claim on behalf of himself and a class of similarly situated people against the Town under 42 U.S.C. § 1983 ("Section 1983"), alleging that the Town's conduct violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. *Id.* at 9. The Town moved to dismiss. Doc. 6.

## II. LEGAL STANDARDS

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need not make "detailed factual allegations"; its purpose is only to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

(1957)). To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. To test the complaint, the court discards any "conclusory allegations," takes the facts alleged as true, *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018), and "draw[s] all reasonable inferences in the plaintiff's favor," *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). These facts and inferences must amount to a "plausible" claim for relief, a standard that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III. ANALYSIS

**A. Mr. Wattson's Claims Under the Fourth and Fourteenth Amendment Are Dismissed.**

Mr. Wattson does not challenge the Town's "initial seizure" of his car. Doc. 9 at 3; *see also* Doc. 1 ¶¶ 3-4. In the Eleventh Circuit, "[a] complaint of continued retention of legally seized property raises an issue of procedural due process under the Fourteenth Amendment," but not the Fourth Amendment. *Case v. Eslinger*, 555 F.3d 1317, 1330 (11th Cir. 2009). Accordingly, Mr. Wattson's claim under the Fourth Amendment is **DISMISSED WITH PREJUDICE**.

Mr. Wattson asserts that the Town violated his rights under the Fourteenth Amendment when it retained his property without affording him a prompt post-deprivation opportunity to challenge that retention. *See* Doc. 1 ¶ 11; Doc. 9 at 3-4.

3

The Fourteenth Amendment provides that no State shall "deprive any person of . . . property . . . without due process of law." U.S. Const. amend. XIV. "Even assuming the [government's] continued retention of . . . personal property is wrongful, no procedural due process violation has occurred if a meaningful postdeprivation remedy for the loss is available." *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (cleaned up). When a state statute "covers the unauthorized seizure of personal property by police officers . . . , the state has provided an adequate postdeprivation remedy when a plaintiff claims that the state has retained his property without due process of law." *Id.* (cleaned up).

In Alabama, the owner of personal property may sue a public official under Ala. Code § 6-5-260 ("Section 6-5-260") to recover property the official wrongfully retained. *Lightfoot v. Floyd*, 667 So. 2d 56, 65, 67 (Ala. 1995). Section 6-5-260 provides that "[a]ny unlawful deprivation of or interference with" an owner's possession of personal property "is a tort for which an action lies." Ala. Code § 6-5-260.

The Town asserts that under *Lindsey*, Mr. Wattson's allegations do not state a claim for violation of the Fourteenth Amendment because Section 6-5-260 provides him a meaningful postdeprivation remedy for the loss of his car. Doc. 6 at 9. Mr. Wattson attempts to distinguish *Lindsey* by asserting that that case is about

the existence or "timing of the initiation of forfeiture proceedings," not "the lack of a prompt post-deprivation hearing process." Doc. 9 at 4.

Mr. Wattson's proposed distinction fails because the holding in *Lindsey* applies "whether or not [the] defendant . . . ever initiated forfeiture proceedings on the automobile." 936 F.2d at 561. Under *Lindsey*, Section 6-5-260 provides Mr. Wattson a meaningful postdeprivation remedy for the wrongful retention of his car. Accordingly, Mr. Wattson's allegations against the Town do not state a claim for violation of the Due Process Clause of the Fourteenth Amendment, and that claim is **DISMISSED WITH PREJUDICE**.

### B. Mr. Wattson's Claim Under The Eighth Amendment Is Dismissed.

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. Mr. Wattson alleges that the Town fined him when it seized his car, and that the fine is excessive because he has not been charged with a crime. Doc. 1 ¶¶ 19-20. Mr. Wattson's Eighth Amendment challenge is based solely on the Excessive Fines Clause, not the Excessive Bail Clause or the Cruel and Unusual Punishments Clause. *See id.*; Doc. 9 at 9 (asserting that the analysis turns on "whether the retention of Mr. Wattson's vehicle is an excessive fine") (footnote omitted).

"[T]he Excessive Fines Clause was intended to limit only those fines directly imposed by, and payable to, the government." *Austin v. United States*, 509 U.S. 602, 607 (1993) (cleaned up). "The Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind . . . ." *Id.* at 609-10. A "payment," particularly in the context of "in-kind assessments," is a "thing given to discharge a debt or an obligation." *Id.* at 624 (Scalia, J., concurring) (cleaned up). When a plaintiff challenges a fine under the Eighth Amendment, "the question is not" whether the challenged fine "is civil or criminal, but rather whether it is punishment." *Id.* at 610.

The Town first asserts that Mr. Wattson's claim under the Eighth Amendment must be dismissed because that Amendment applies only to criminal proceedings. Doc. 6 at 9-10 (citing *United States v. Myers*, 972 F.2d 1566, 1571 (11th Cir. 1992)). But in *Austin*, the Supreme Court held that the Eighth Amendment can apply in non-criminal proceedings, 509 U.S. at 610, so the Town's assertion fails.

The Town next asserts that "retention of property" is not a fine because to impose a fine, ownership must change, and ownership of a retained car "does not change until after the entry of a judgment." Doc. 11 at 6 (quoting *Sutton v. Leesburg,* Case No. 4:20-cv-00091-ACA, 2021 U.S. Dist. LEXIS 66657, at * 37 (N.D. Ala. April 6, 2021)).

The court agrees that the Town's alleged seizure of Mr. Wattson's car is not a fine under the Eighth Amendment, but for a different reason in this case than was the reason in *Sutton*. The Town's alleged seizure of Mr. Wattson's car is not a fine under the Eighth Amendment because it does not seek to extract a payment. "The Excessive Fines Clause limits the government's power to extract payments," *Austin*, 509 U.S. at 609-10, which in the context of "in-kind assessments" are "thing[s] given to discharge a debt or an obligation," *id.* at 624 (Scalia, J., concurring) (cleaned up). No party has alleged that any obligation is (or is sought to be) discharged by that seizure. Accordingly, Mr. Wattson's Eighth Amendment claim is **DISMISSED WITHOUT PREJUDICE**.

### C. Mr. Wattson's Claim Under The Takings Clause Of The Fifth Amendment Survives The Town's Motion.

The Takings Clause of the Fifth Amendment provides: "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. When the government takes property for public use, it exercises the power of "eminent domain." *PennEast Pipeline Co. v. New Jersey*, 141 S. Ct. 2244, 2254-55 (2021). The government "may take property pursuant to its power of eminent domain in one of two ways: it can enter into physical possession of property without authority of a court order; or it can institute condemnation proceedings." *Id.* at 2257 (cleaned up). "[P]hysical appropriations"—for example, when the government "physically takes possession of property without acquiring title to it"— "constitute

7

the clearest sort of taking," and courts "assess them using a simple, *per se* rule: The government must pay for what it takes." *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2071 (2021) (cleaned up).

Mr. Wattson alleges that the Town lawfully took physical possession of his car, did not return it, and did not compensate him for it. Doc. 1 ¶¶ 4, 8, 10, 23. The Town asserts that Mr. Wattson's claim under the Takings Clause of the Fifth Amendment must be dismissed for two reasons.

*First*, the Town asserts that Mr. Wattson's claim must be dismissed because he has not exhausted state procedures to obtain compensation for the alleged taking of his property. Doc. 6 at 11 (citing *Fields v. Sarasota Manatee Airport Auth.*, 953 F.2d 1299, 1303 (11th Cir. 1992) (citing *Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnston City,* 473 U.S. 172 (1985))). Under *Williamson County*, a plaintiff was required to "seek just compensation under state law in state court before bringing a federal takings claim under § 1983." *Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2169 (2019). But that part of *Williamson County* has been overruled, *id*. at 2169-70, so that argument by the Town fails.

*Second*, the Town asserts that Mr. Wattson's takings claim fails under *Bennis v. Michigan*, 516 U.S. 442 (1996), because "[t]he government may not be required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain."

*Id*. at 452. In *Bennis*, the "property in the automobile was transferred by virtue of [a forfeiture] proceeding" to the state, which proceeding the Supreme Court held did not violate the Fourteenth Amendment. *Id.*; *accord United States v. Various Gambling Devices*, 478 F.2d 1194, 1198 (5th Cir. 1973) (observing that "*in rem* proceedings constitute not a taking of private property for public use under the Fifth Amendment, but an exercise of the police power").

There has been no forfeiture proceeding or other transfer of ownership of Mr. Wattson's property to the Town. Doc. 1 ¶ 4. Mr. Wattson's Fifth Amendment claim is that the Town took his car by "enter[ing] into physical possession of property without authority of a court order," *PennEast Pipeline Co.*, 141 S. Ct. at 2257—*i.e.*, by exercising its power of eminent domain. This case is before the court on a motion to dismiss under Rule 12(b)(6), and there is no suggestion in the record that the Town has possession of the car under authority of a court order. Accordingly, *Bennis* is not a basis to dismiss Mr. Wattson's claim under the Fifth Amendment.

On reply, the Town cites precedent from other jurisdictions to support a new argument that a "post-seizure retention" of a vehicle is categorically not a taking under the Fifth Amendment. Doc. 11 at 3. The court ordinarily does not consider new arguments made on reply. In any event, the new cases the Town cites are from other jurisdictions and involve factual circumstances unlike those alleged in Mr. Wattson's complaint. *See Kam-Almaz v. United States*, 682 F.3d 1364, 1366 (Fed.

Cir. 2012) (government returned property to the owner, who then sued); *AmeriSource Corp. v. United States*, 75 Fed. Cl. 743, 744, 746 (2007) (court presiding over related criminal case denied owner's motion for return of the seized property, which the prosecution represented was "required as evidence in the criminal trials," and two years later owner sued),[1] *aff'd,* 525 F.3d 1149 (Fed. Cir. 2008); *United States v. $7,990.00 in U.S. Currency*, 170 F.3d 843, 844 (8th Cir. 1999) (non-contraband property returned to plaintiff after unsuccessful forfeiture suit); *United States v. Finn*, 239 F.2d 679, 683 (9th Cir. 1956) (holding that allegedly illegal seizure was not a taking). Further, at least one circuit has held that "a temporary law enforcement seizure that is not initially a taking can nonetheless ripen into . . . one if it continues for an unreasonably long and indefinite period." *Beierwaltes v. L'Office Federale De La Culture De La Confederation Suisse*, 999 F.3d 808, 824 (2d Cir. 2021). Accordingly, the Town's motion to dismiss Mr. Wattson's claim under the Fifth Amendment is **DENIED**.

---

[1] In *AmeriSource Corp.*, the government moved to dismiss the owner's takings claim under Rule 12(b)(6), asserting "that no taking occurred because the [government] acted pursuant to its police powers." 75 Fed. Cl. at 746. The lower court denied the motion. *Id*. After the government submitted evidence about the proceedings in the criminal court (including the denial of the owner's motion to return the seized property), the lower court granted the government's motion for summary judgment. *Id*. at 746-47, 752.

**DONE** and **ORDERED** this 4th day of November, 2021.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE